IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE J. BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  3:15 CV 657 SMY/RJD |
| | ) | |
| BRYAN GLECKLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Defendants Terri Anderson, Kim Butler and Bryan Gleckler's Motion to Revoke In Forma Pauperis Status (Doc. 70).  Plaintiff is an inmate with the Illinois Department of Corrections and is incarcerated at Menard Correctional Center.  Defendants are employed by the Illinois Department of Corrections.  On June 4, 2015, Plaintiff filed an action pursuant to 42 U.S.C. § 1983, alleging constitutional and statutory violations, including a failure to protect claim that included an allegation of imminent danger of serious physical injury (Doc. 1).  Plaintiff also moved for injunctive relief, requesting a transfer to protective custody at Pontiac Correctional Center (Doc. 2).

On July 6, 2015, the Court found that Plaintiff had alleged imminent danger sufficient for purposes of 28 U.S.C. § 1915(g) and allowed Plaintiff to proceed in forma pauperis in spite of the three strikes Plaintiff has accumulated for filing frivolous or legally insufficient actions (Doc. 13).  Both the motion for injunctive relief and the imminent danger allegation related to Plaintiff's claim under the Eighth Amendment, alleging that Defendants failed to protect him against the threat of harm posed by threats of murder from gang members within the facility.

On July 13, 2015, Magistrate Judge Philip M. Frazier held an evidentiary hearing on Plaintiff's motion for injunctive relief (Doc. 23). On July 16, 2015, Judge Frazier issued a Report and Recommendation on the motion for injunctive relief, finding that Plaintiff had failed to establish a reasonable likelihood of success on the merits or irreparable harm (Doc. 26). Plaintiff filed an amended the motion for injunctive relief, which mooted the Report and Recommendation, and later withdrew the amended motion (Doc. 51, 66, 69).

Defendants now move to revoke Plaintiff's in forma pauperis status or, in the alternative, request that the Court set an evidentiary hearing on Plaintiff's allegation of imminent danger. Specifically, Defendants challenge the credibility of Plaintiff's allegation of imminent danger, citing the findings in Judge Frazier's report and recommendation.

The Prisoner Litigation Reform Act gives authority to federal courts to allow plaintiffs to initiate actions without the prepayment of filing fees. 28 U.S.C. § 1915. That authority is constrained by Section 1915(g), commonly referred to as the "three strikes rule." *See e.g., Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). A dismissal on grounds that an action is frivolous, malicious, or fails to state a claim is a strike for purposes of § 1915(g). *Id.* A prisoner who has accumulated three strikes cannot proceed without a full prepayment of the filing fee unless he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337

F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

The Seventh Circuit has addressed a defendant's ability to challenge the allegation of imminent danger as follows:

> [W]hen a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict. A contrary conclusion would mean that a three-strikes plaintiff could proceed IFP whenever his allegations of imminent danger were facially plausible, even if the defendant had incontrovertible proof that rebutted those allegations. Such a rule would allow easy evasion of the three-strikes rule. We also agree that a hearing is one proper way to resolve the issue, though we caution courts to be conscious of such a hearing's proper scope. As a general rule, we would expect that an IFP determination should not evolve into a full-scale merits review, though in many cases, including this one, the allegations of imminent danger are linked to the allegations underlying the suit.

*Taylor v. Watkins*, 623 F.3d 483, 485–86 (7th Cir. 2010). Relying on *Taylor*, several courts have found a plaintiff's allegation of imminent harm to be not credible following an evidentiary hearing and decision on a motion for injunctive relief. *See e.g., Duncan v. Spiller*, 2016 WL 66732 (S.D. Ill. 2016); *Allen v. Lang*, 2014 WL 7452173 (S.D. Ill. 2014); *Ammons v. Hannula*, 2009 WL 799670 (W.D. Wis. 2009).

At this juncture, this Court cannot make such a finding based on the record. Judge Frazier issued the Report and Recommendation within the context of a motion for injunctive relief and focused on whether Plaintiff had demonstrated a reasonable likelihood of success on the merits on his failure to protect claim and irreparable harm (Doc. 26). Judge Frazier, who is no longer with the Court, did not expressly determine whether the allegation of imminent harm was credible.

4

As such, Defendants' Motion to Revoke In Forma Pauperis Status (Doc. 70) is taken UNDER ADVISEMENT. Defendants' request for an evidentiary hearing on the credibility of Plaintiff's § 1915(g) allegation of imminent danger is granted. The hearing shall be scheduled and conducted by Magistrate Judge Reona J. Daly.

**IT IS SO ORDERED.**

**DATED: March 20, 2017**

                                                    **s/ Staci M. Yandle**
                                                    **STACI M. YANDLE**
                                                    **United States District Judge**