IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| WILLIE J. BOOKER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15 CV 657 SMY-RJD |
| | ) | |
| BRYAN GLECKLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Reona Daly (Doc. 108) recommending that the Motion to Revoke In Forma Pauperis Status (Doc. 70) filed by Defendants Terri Anderson, Kim Butler and Bryan Gleckler be granted. Plaintiff filed objections (Doc. 113). For the following reasons, this Court adopts Judge Daly's Report and Recommendation in its entirety.

Plaintiff Willie Booker is an inmate with the Illinois Department of Corrections and is incarcerated at Menard Correctional Center. Defendants are employed by the Illinois Department of Corrections. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging constitutional and statutory violations, including a failure to protect claim that included an allegation of imminent danger of serious physical injury (Doc. 1). Plaintiff also moved for injunctive relief, requesting a transfer to protective custody at Pontiac Correctional Center (Doc. 2).

The Court found that Plaintiff had sufficiently alleged imminent danger for purposes of 28 U.S.C. § 1915(g) and allowed Plaintiff to proceed in forma pauperis ("IFP"), in spite of the three strikes Plaintiff has accumulated for filing frivolous or legally insufficient actions (Doc.

1

13). Both the motion for injunctive relief and the imminent danger allegation related to Plaintiff's claim that Defendants failed to protect him against threats of murder from gang members within the facility.

On July 13, 2015, Magistrate Judge Philip Frazier held an evidentiary hearing on Plaintiff's motion for injunctive relief (Doc. 23). Judge Frazier issued a Report and Recommendation finding that Plaintiff had failed to establish a reasonable likelihood of success on the merits or irreparable harm (Doc. 26). Plaintiff filed an amended motion for injunctive relief which mooted the Report and Recommendation, and later withdrew the amended motion (Doc. 51, 66, 69).

Defendants filed a motion to revoke Plaintiff's IFP status (Doc. 70) and the Court ordered a hearing on the credibility of Plaintiff's § 1915(g) allegation of imminent danger (Doc. 98). Judge Daly conducted the hearing and issued the currently pending Report and Recommendation (Doc. 108). The Report sets forth the nature of the evidence presented by both sides as well as the applicable law. Judge Daly concluded that Plaintiff's allegation of imminent harm does not articulate a specific, credible threat, but rather a more general concern associated with his status as a sex offender and a former gang member. Plaintiff, acting pro se, filed "objections" to the report. Plaintiff's filing does nothing more than recite his testimony, Judge Daly's rulings, and his assertion that he is in imminent danger.

The undersigned must undertake a *de novo* review of the Report and Recommendation because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights,* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made"

and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper,* 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

The Prisoner Litigation Reform Act gives authority to federal courts to allow plaintiffs to initiate actions without prepayment of filing fees. 28 U.S.C. § 1915. That authority is constrained by Section 1915(g), commonly referred to as the "three strikes rule." A dismissal on grounds that an action is frivolous, malicious, or fails to state a claim is a strike for purposes of § 1915(g). A prisoner who has accumulated three strikes cannot proceed without a full prepayment of the filing fee unless he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Courts deny leave to proceed IFP when "a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331.

At the latest hearing, Plaintiff testified that his fear of imminent danger stems from messages conveyed to him by his former gang, the Gangster Disciples ("GDs"). In December 2014, Plaintiff received a letter he believes is from the GDs stating that he is an "enemy of the people" and that he should have himself placed in protective custody. Plaintiff later discovered the GDs' plan to get a member placed in Plaintiff's cell, supposedly to harm Plaintiff. He was granted temporary protective custody until the matter could be investigated. Plaintiff

subsequently received another letter that identified him as a sex offender and threatened his life. He was then denied protective custody and placed back into general population. In October 2015, Plaintiff was attacked by a fellow inmate who had no connections to the GDs. In February 2017, Plaintiff's cellmate, also not a member of the GDs, attacked Plaintiff for refusing a sexual proposition.

Jeanette Cowan testified at the hearing that she investigated the alleged threats against Plaintiff and was unable to verify them. She stated that a more specific threat is required for protective custody. She also testified that the intelligence department conducted its own, more thorough investigation into the matter and also recommended that Plaintiff be denied protective custody.

Based on a de novo review of the record and relevant evidence, the Court finds that Plaintiff's allegation of imminent danger is conclusory and not supported by sufficient evidence. Internal IDOC investigations were unable to verify any imminent threat to Plaintiff and the Court is unable to do so either. Moreover, the evidence indicates that the incidents in October 2015 and February 2017 had no relationship to the GDs or their threats. Absent a specific, credible threat, the Court is not persuaded that Plaintiff is in imminent danger.

Accordingly, Judge Daly's Report is adopted in its entirety and Plaintiff's IFP status is hereby **REVOKED**. Plaintiff is **ADVISED** that he must pay the filing fee in full ($400) before he can proceed with his case. Plaintiff's failure to pay the fee within 60 days of the entry of this Order will result in the dismissal of this case with prejudice.

**IT IS SO ORDERED.**

**DATED: August 4, 2017**

                                                   **s/ Staci M. Yandle**
                                                 **STACI M. YANDLE**
                                               **United States District Judge**