# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE J. BOOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-657 SMY-RJD |
| | ) |
| BRYAN GLECKLER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

This matter comes before the Court on its Order to Show Cause (Doc. 120). Plaintiff, an inmate incarcerated in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983, alleging constitutional and statutory violations, including a "failure to protect" claim for which Plaintiff alleged that he is in imminent danger of serious physical injury. (Docs. 1, 4). He also moved for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 (Doc. 3).

Plaintiff would normally have been barred from proceeding IFP under § 1915(g)'s "three strikes" rule. However, upon preliminary review of Plaintiff's Complaint, the Court found that the allegations were sufficient to trigger the "imminent danger of serious physical injury" exception to the three strikes bar. *Id.*

Defendants subsequently filed a motion to revoke Plaintiff's IFP status and Magistrate Judge Reona M. Daly held an evidentiary hearing to determine whether the imminent danger exception actually applied. (Docs. 70, 102). Judge Daly issued a Report and Recommendation in which she found that Plaintiff's claims of imminent danger were not credible. (Doc. 108).

1

This Court adopted Judge Daly's findings and entered an Order revoking Plaintiff's IFP status on August 4, 2017. (Doc. 114). Plaintiff was advised that he had 60 days from the date of the Order to pay the full filing fee or the case would be dismissed with prejudice. (*Id.*). Payment was therefore due on October 3, 2017. As no filing fee was received from Plaintiff by the due date, the Court issued an Order for Plaintiff to show cause why the case should not be dismissed. (Doc. 120).

Plaintiff filed a response to the Show Cause Order, asserting that he has no assets and that he has been threatened with harm. (Doc. 121). With respect to Plaintiff's first claim, his indigence has no bearing on the application of the three-strikes bar. As to the alleged threats of harm to Plaintiff, his allegation of having been threatened by letter appears to simply be a reassertion of his prior rejected claim. The Court notes that Plaintiff has introduced a new allegation, that in October 2017, he was placed in a general-population cell with an inmate who threatened "to do bodily harm to [Plaintiff] because of the class he belong to." (*Id.* at ¶ 20). However, this nonspecific allegation is essentially identical to Plaintiff's prior assertions of threatened harm that have previously been found to be inadequate and not credible.

Accordingly, this action is hereby **DISMISSED with prejudice** under Federal Rule of Civil Procedure 41(b) for lack of prosecution and failure to comply with the Court's Order for payment of the filing fee. All pending motions are **DENIED as MOOT**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED.**

**DATE: November 16, 2017**     **/s/ Staci M. Yandle**
                                **STACI M. YANDLE**
                                **DISTRICT JUDGE**