IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE J. BOOKER, ) | |
| ) | |
| Plaintiff/Appellant, ) | |
| ) | |
| vs. ) | Case No. 3:15-CV-657 SMY-RJD |
| ) | Appeal No. 17-3637 |
| BRYAN GLECKLER, et al., ) | |
| ) | |
| Defendants/Appellees. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Willie J. Booker's Motion for Leave to Appeal *in forma pauperis* ("IFP") (Doc. 130).[1] Plaintiff, an inmate incarcerated in the Illinois Department of Corrections, filed the underlying action pursuant to 42 U.S.C. § 1983, alleging constitutional and statutory violations, including a "failure to protect" claim. (Docs. 1, 4). Plaintiff also alleged that he was in imminent danger of serious physical injury. (*Id.*). The Court issued an Order dismissing the case with prejudice for failure to prosecute and failure to obey the Court's Order regarding payment of filing fees (Doc. 123). Plaintiff filed a Notice of Appeal (Doc. 125) of the dismissal and a prior Order revoking his IFP status (Doc. 114). He now seeks to appeal IFP.

### Legal Standard

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v.*

---

[1] The motion was incorrectly filed in the Seventh Circuit Court of Appeals and was then referred back to this Court (Doc. 131).

*Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith and not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (*citing Anders v. California*, 386 U.S. 738 (1967)); and *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). A court's discretion in granting or denying IFP status is further limited by the "three strikes rule." In other words, prisoner litigant may not "appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**Discussion**

The issue here, with respect to both the underlying case and IFP status on appeal, is the "imminent danger of serious physical harm" exception to the three-strikes rule as there is no dispute that Plaintiff has three strikes against him. *See Booker v. City of Rockford*, Case No. 03-cv-50066 (N.D. Ill., dismissed March 27, 2003); *Booker v. Mitchell*, Case No. 10-cv-0312 (S.D. Ill., dismissed November 5, 2010); *Booker v. O'Conner*, Case No. 15-cv-50052 (N.D. Ill., dismissed April 14, 2015). Plaintiff was originally granted IFP status upon preliminary review of his Complaint. (Doc. 18). Defendants subsequently filed a motion to revoke Plaintiff's IFP status and Magistrate Judge Reona M. Daly held an evidentiary hearing to determine whether the imminent danger exception applied. (Docs. 70, 102). Judge Daly issued a Report and Recommendation in which she found that Plaintiff's claims of imminent danger were not credible. (Doc. 108).

This Court adopted Judge Daly's findings and entered an Order revoking Plaintiff's IFP status on August 4, 2017. (Doc. 114). Plaintiff was advised that he had 60 days from the date of the Order to pay the full filing fee or the case would be dismissed with prejudice. (*Id.*). Payment was therefore due on October 3, 2017. As no filing fee was received from Plaintiff by the due date, the Court issued an Order for Plaintiff to show cause why the case should not be dismissed. (Doc. 120). Plaintiff's response was not adequate. He essentially reasserted the previously rejected claims, and the case was therefore dismissed for failure to prosecute and failure to obey the Court's order regarding payment of the filing fee.

On appeal, Plaintiff seeks IFP status and again asserts that the three-strikes rule should not apply because he is in imminent danger of physical harm. The vast majority of Plaintiff's 19-page motion is a detailed repetition of the assertions and allegations previously made and rejected by the Magistrate Judge and this Court.

Plaintiff's motion fails to qualify him for relief from the three-strikes rule, and fails to meet the broader standard of non-frivolity. Plaintiff's representations regarding imminent harm are no more credible than they were when he made them to Judge Daly. The Court therefore finds that his appeal proceeding is not entitled to exemption from the three-strikes rule.

Further, Plaintiff's appeal is frivolous. Plaintiff offers no new or compelling arguments in his Notice of Appeal or any other appellate filing thus far. His Notice of Appeal merely states that he is appealing the Court's Order dismissing the case and the Order revoking his IFP status. He provides no specific explanation as to how the Court allegedly erred. Nor does he assert any error in the Court's Order dismissing the case for failure to pay the filing fee, other than that his IFP status should not have been revoked in the first place.

Because Plaintiff asserts no legal points that are reasonably arguable on their merits, his

appeal is both frivolous and barred by the three-strikes rule. Accordingly, Plaintiff's Motion for

Leave to Appeal *in forma pauperis* (Doc. 130) is **DENIED**.

**IT IS SO ORDERED.**

**DATE: January 18, 2018**

**/s/ Staci M. Yandle**
**STACI M. YANDLE**
**DISTRICT JUDGE**